## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN B. MAY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:15-cv-147** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DENNIS PISKORSKI,** | ) | **Magistrate Judge Susan Paradise Baxter** |
| **Defendant.** | ) | |

## MEMORANDUM OPINION[1]

M.J. Susan Paradise Baxter

Presently pending before this Court is Defendant's motion to dismiss Plaintiff's amended

complaint. For the reasons set forth below, the motion to dismiss will be granted.


### A. Relevant Background and Procedural History

On July 1, 2014, Plaintiff and Defendant entered into a contractual agreement for the

residential property located at 531 E. 24th Street in Erie, Pennsylvania. Throughout this

relationship, numerous disagreements surfaced as to one another's financial responsibilities to

the property. Generally, Plaintiff asserts he paid thousands of dollars for utilities and basic

maintenance expenses that were Defendant's responsibility. [2]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] Defendant contends Plaintiff failed to pay rent causing him to begin eviction proceedings. Thereafter, Plaintiff filed for relief in bankruptcy court.

On June 16, 2015, Plaintiff, acting *pro se*, filed this action. ECF No. 3. Plaintiff alleges

that Defendant has violated "the Constitution, laws, and treaties of the United States." ECF No.

3. Plaintiff's claims arise out of a property dispute.

As relief, Plaintiff seeks:

> Plaintiff requests an immediate injunction against the eviction and any furtherance
> of retaliatory practices, such as, but not limited to, civil and criminal proceedings
> and charges, and $58,900, or the deed to the property free and clear with all back
> taxes paid in full, and [Defendant] to be arrested for disrupting communication
> between Plaintiff and the courts by withholding our mail by misrepresentation and
> fraud with the post office and a contempt hearing, because his interference caused
> Plaintiff's bankruptcy to be dismissed. And that the U.S. Marshal's handle all
> services of all court documents by this honorable court to ensure proceedings are
> no longer interfered with. Also that injunction be granted against all courts and
> their officers in Erie and Crawford County from assuming jurisdiction to continue
> their reign of retaliatory practices for other federal cases and due process
> violations, and to order a change of venue to Venango County, Plaintiff's county
> of residence, and that Erie and Crawford County are using their courts to retaliate
> for federal cases I have filed naming them as Defendants.

Id.

Thereafter, Plaintiff filed an Amended Complaint, which more fully develops Plaintiff's

claims. ECF No. 9. In particular, Plaintiff contends:

> Defendant is making a malicious effort to usurp due process by knowingly
> refusing to honor his financial responsibilities to the house and Plaintiff, and is
> attempting to illegally evict Plaintiff by attempting to use lower courts to give him
> judgments even though he knows the federal court is superior and supersedes
> Defendants efforts in lower court.

Id.

Defendant filed a motion to dismiss, arguing that Plaintiff has failed to state a claim and

that this Court lacks subject matter jurisdiction. ECF No. 11. Plaintiff has filed an opposition

brief. ECF No. 15.

## B. Standards of Review

### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with measure of tolerance"). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a compliant in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Rule 12(b)(1)

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light

most favorable to the plaintiff. Id.; Turicentra, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) citing Bell Atlantic v. Twombly, 550 U.S. 544, 544 (2007).

But when a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F. 3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case ... [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir. 2000) citing Mortensen, 549 F.2d at 891. The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id.; cf. Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007)("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

### 3. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to

4

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. V. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

5

To determine the sufficiency of a complaint under <u>Twombly</u> and <u>Iqbal</u>, we must take the following three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

<u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 221 (3d Cir. 2011) <u>quoting</u> <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." <u>Tacinda Corp. v. DaimlerChrysler AG</u>, 197 F. Supp.2d 42, 53 (D.Del 2002) <u>citing</u> <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). Indeed, the Supreme Court has held that complaint is properly dismissed under Rule 12(b) where it does not allege "enough facts to state a claim to relief that is plausible on its facts," <u>Twombly</u>, 550 U.S. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. The question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. <u>Swope v. City of Pittsburgh</u>, 90 F.Supp.3d 400, 405 (W.D. Pa. 2015) <u>citing</u> <u>Oatway v. American International Group, Inc.</u>, 325 F.3d 184, 187 (3d Cir. 2003).

## C. Defendant's Motion to Dismiss

Most of the factual allegations of Plaintiff's Amended Complaint arise out of violations of the agreement for residential property signed by Plaintiff and Defendant. Generally, these issues include disputes over rent, utilities, and basic maintenance expenses for the property.

This *pro se* Plaintiff seems to be raising claims under the agreement, as well as claims of due process.

Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Congress has authorized the federal district courts to exercise jurisdiction in "civil actions arising under the Constitution, laws, or treaties of the United States." Gunn v. Minton, 133 S. Ct. 1059 (2013). However, the burden rests upon the plaintiff to establish such jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182–183 (1936).

Here, Plaintiff has not met his burden. Original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims. Speedco, Inc. v. Estes, 853 F.2d 909, 912 (Fed. Cir. 1988). Here, the alleged breach of an agreement is between private citizens. This dispute alone does not give rise to subject matter jurisdiction in this Court. See generally Therien v. Trustees of Univ. of Pennsylvania, No. CIV.A. 04-4786, 2006 WL 83448, at *4 (E.D. Pa. Jan. 10, 2006)(discussing lack of federal jurisdiction over a private, patent-related, contract dispute). Where no federal cause of action is asserted against the defendant, absent diversity of citizenship, a federal court does not have jurisdiction over a state claim asserted against that defendant. Garrett v. Wertheimer, No. CIV.A. 88-5446, 1988 WL 85675, at *1 (E.D. Pa. Aug. 16, 1988). Accordingly, Defendant's motion to dismiss will be granted in this regard.

Additionally, Plaintiff's due process claim brought by way of §1983 fails because Defendant is not a state actor. In order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Generally, anyone whose conduct is "fairly attributable to the state" can be sued as a state actor

7

under § 1983. Filarsky v. Delia, __ U.S. __, __, 132 S. Ct. 1657, 1661 (April 17, 2012) citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Action under color of state law requires that one liable under §1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Cirri v. Muroski, __ F.3d __, __, 2013 WL 2897868, at *4 (3d Cir. June 13, 2013) quoting Harvey v. Plains Twp. Police Dept., 635 F.3d 606, 609 (3d Cir. 2011). A private citizen and landlord, such as Defendant, is not a state actor, and therefore, he cannot be held liable under §1983. Plaintiff's Amended Complaint does not contain any allegations that overcome the state actor requirement, and therefore, the §1983 claim against Defendant will be dismissed.

Because Plaintiff has not alleged any basis upon which this Court could exercise its subject matter jurisdiction, he should not be allowed to amend his complaint as any such amendment would be futile.[3]

For the reasons set forth above, Defendant's motion to dismiss [ECF No. 11] will be granted. An appropriate Order follows.

---

[3] Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

8